In the Matter of the Estate of Rose Osgood Brillhart, Deceased.

Surrogate's Court, Westchester County, April 17, 1942.

*Sackett, Chapman, Brown & Cross* [*E. Douglas Hamilton* and *S. Stewart Graff* of counsel], for James W. Osgood, as administrator, etc., petitioner.

*Harry L. Sitomer*, for Nettie H. Dwyer.

*Munn Brewer*, for the Westchester Joint Water Works No. 1.

*Posner & Posner* [*Sidney H. Posner* of counsel], for the Atlantic Municipal Corporation and Carodix Corporation.

· *S. Stewart Graff*, for Albert W. Sanson and Sackett, Chapman, Brown & Cross, creditors.

*Max Schiffman*, for Mirza T. K. Alexander.

*Charles M. Baxter, Jr.*, special guardian.

MILLARD, S. In this proceeding, brought pursuant to the provisions of article 13 of the Surrogate's Court Act, an order directing the sale of decedent's real estate for the purpose of paying debts and the administration and funeral expenses is sought. The decedent died on August 16, 1941, and the instant proceeding was instituted on November 26, 1941, by James W. Osgood, as administrator of the goods, chattels and credits of the said decedent. Subsequent to the commencement of this proceeding, it was discovered that the deceased had left a will. Thereafter, on January 28, 1942, said will was duly admitted to probate by this court, and letters of administration with the will annexed were on February 10, 1942, issued to said James W. Osgood, he having duly qualified therefor. By order of this court duly entered on February 10, 1942, said James W. Osgood, as administrator with the will annexed of the goods, chattels and credits of the decedent, was substituted as the petitioner in this proceeding, in the place of James W. Osgood, as administrator of the goods, chattels and credits of the decedent.

It appears that the personal estate of the decedent is insufficient for the payment of debts and the administration and funeral expenses, and that, therefore, the real estate of which the decedent died seized must be sold in order to satisfy the claims of creditors. The decedent died seized of certain realty situate in the State of New York, known as No. 1057 Rushmore avenue, Mamaroneck, N. Y., which premises were devised by her to Mirza T. K. Alexander and Nettie H. Dwyer, the objectant herein. The decedent was also seized of an undivided one-half interest in certain realty located at No. 2725 Connecticut avenue, Washington, D. C., and was further seized of a certain farm located near Lexington, Va., which said parcels of real estate were devised by her to the aforesaid James W. Osgood, her brother; he being also the petitioner herein.

The within petition seeking the sale of the realty situate in New York State only is opposed by Nettie H. Dwyer, the devisee of an undivided one-half interest of, in and to such property, on the ground that it would be inequitable to permit the disposal of the realty in New York State without providing for the sale of the real estate located in Washington, D. C., and in the State of Virginia. Said objectant Dwyer further requests that an equitable distribution be made to the creditors and to herself, based upon

the market value, or proceeds of the sale, of realty outside of the State of New York, in the event that leave to sell the New York property be granted.

While the court has no jurisdiction over the real estate situate outside the State of New York and, therefore, is unable to direct the sale of such realty pursuant to the provisions of article 13 of the Surrogate's Court Act, the court has, however, broad power with regard to the fiduciary appointed by it and may, in a proper case, direct such fiduciary to take appropriate action with respect to any such out-of-state realty. (Surr. Ct. Act, § 20, subd. 5; § 40, subd. 5; *Matter of Huntington*, N. Y. L. J. Jan. 11, 1939, pp. 159, 160.) The court, however, will not at this time direct that action be taken with respect to such realty for the reason that the petitioner herein is already under a duty to apply the decedent's real estate, wheresoever situate, in satisfaction of any deficiency of personalty available for the payment of debts and the administration and funeral expenses. The general rule reasserted in *Matter of Van Zandt* (142 Misc. 663, 669) that " The assets of the estate, wherever situated, subjected by law to the payment of debts, must be treated as the general estate applicable to the payment of all debts," applies in the instant case, and the petitioner will be guided accordingly. Furthermore, the petitioner is under a duty both to render a timely and proper account and to distribute the estate assets equitably among those entitled thereto. Therefore, any determination as to the equitable application of the real estate of the decedent to the payment of debts and the administration and funeral expenses will be reserved until such time as the petitioner shall account herein.

It appearing to my satisfaction that a sale of the real estate situate in New York State, pursuant to the provisions of article 13 of the Surrogate's Court Act, is necessary, the objections of Nettie H. Dwyer are dismissed as being premature, and the petition is hereby granted.

Atlantic Municipal Corporation and Carodix Corporation, answering the within petition, assert that they are the owners of certain transfers of tax liens affecting the premises described in the petition. Said respondents request that the decree directing a sale herein provide that the property be sold subject to their rights or, in the alternative, that the property be sold at a sum not less than the amount of all the unpaid taxes which are a lien against the premises, and that out of the first moneys received, the taxes be paid. The claims of said answering respondents have not been controverted, and a sale hereunder in any event will necessarily be made subject to any such liens.

Settle decree.